UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWIN RENTERIA RENTERIA,

    Petitioner,

v.                                      Case No: 5:22-cv-567-WFJ-PRL

WARDEN, FCC COLEMAN − LOW,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Edwin Renteria Renteria's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1, and Respondent's Motion to Dismiss the petition for failure to exhaust administrative remedies, Dkt. 6. Upon careful consideration, the Court grants Respondent's motion and dismisses the petition.

## BACKGROUND

In January 2018, the United States District Court for the Southern District of Florida sentenced Petitioner to 120 months' imprisonment followed by ten years' supervised release for conspiring to possess with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). *See* Judgment, *United States v. Renteria*, No. 1:17-cr-

20804-FAM (S.D. Fla. Jan. 12, 2018) (Dkt. 35). Petitioner is serving his prison sentence at the Federal Correctional Complex, United States Low, in Coleman, Florida. His projected release date based on good conduct time is May 20, 2026. Dkt. 6-2.

On November 9, 2022, Petitioner filed the instant § 2241 petition challenging the Bureau of Prison's ("BOP") calculation of his sentence. Dkt. 1. Petitioner asserts that he is entitled to at least 690 days of earned time credits under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632. *Id.* at 12. Petitioner concedes that he did not exhaust his administrative remedies within the BOP prior to filing his petition. *Id.* at 10. Nevertheless, Petitioner contends that exhaustion is futile because "(1) the automated BOP-wide system used to calculate FSA [earned time credits] cannot be changed by lower level staff and is a procedural dead-end; and (2) Petitioner . . . cannot timely complete the administrative remedy process without extending the length of his incarceration." *Id.* Respondent now moves to dismiss the instant petition for failure to exhaust administrative remedies. Dkt. 6.

## DISCUSSION

Although exhaustion of administrative remedies is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A district

2

court follows a two-step process when determining whether to dismiss a petition based on a failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854, 856 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, the court considers the inmate's and the respondent's factual allegations. *Id.* at 856. If the parties' factual allegations conflict, the court accepts the inmate's version of the facts as true. *Id.* If the inmate's allegations establish his or her failure to exhaust administrative remedies, the court must dismiss the petition. *Id.*

Where an inmate's allegations do not support dismissal at the first step, the court proceeds to the second step. *Id.* There, the respondent bears the burden of proving that the inmate failed to exhaust administrative remedies. *Id.* The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* Upon making findings on the disputed issues of fact, the court decides whether the inmate has exhausted his or her administrative remedies. *Id.* at 857.

Here, the Court may resolve this matter at the first step, as Petitioner's and Respondent's factual allegations do not conflict. Both parties agree that Petitioner has not exhausted his administrative remedies. To be sure, Respondent certifies that Petitioner "has not filed any administrative remedies with the Bureau during his incarceration." Dkt. 6-3 at 2. This is confirmed by a BOP administrative

3

remedy report. *Id.* at 5. With no dispute concerning Petitioner's failure to exhaust administrative remedies, the instant petition is due to be dismissed.

Notwithstanding, Petitioner avers that exhaustion of his administrative remedies is futile. Petitioner contends that the BOP's system of awarding time credits is a "procedural dead-end" because it "cannot be changed by lower level staff[.]" Dkt. 1 at 10. Petitioner further posits that participating in the administrative remedy process would lengthen his term of incarceration, as he had "less than 41 months remaining on his sentence" at the time of filing the instant petition. *Id.*

Although futility may generally be raised as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available in a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022). Prior to determining that the exhaustion requirement is not jurisdictional in nature, *see Santiago-Lugo*, 785 F.3d at 475, the Eleventh Circuit held that a futility exception to exhaustion does not exist, *see McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Regardless, in circuits where the futility exception is recognized, the exception only applies in "extraordinary circumstances," and it is the petitioner's burden to demonstrate the futility of administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (citations omitted).

4

To the extent that this circuit recognizes a futility exception to exhaustion, Petitioner has not carried his burden of demonstrating futility or identified any extraordinary circumstances warranting the futility exception's application. Petitioner's contention that lower-level BOP staff are unable to change the BOP's system for calculating time credits does not render the administrative remedy process futile. Even if lower-level staff cannot address a purported error in the calculation of Petitioner's time credits, lower-level staff do not control every level of the BOP's administrative remedy process. Petitioner's assertion that the administrative remedy process will result in an extension of his term of incarceration is likewise unavailing. Petitioner filed his instant petition roughly three-and-a-half years before his projected release date of May 20, 2026. Petitioner had, and still has, ample time to seek administrative review of the calculation of his earned time credits under the FSA.

## CONCLUSION

Accordingly, Respondent's Motion to Dismiss, Dkt. 6, is **GRANTED**. The Petition, Dkt. 1, is dismissed without prejudice. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 9, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record